**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7036**
_____

JEFFREY SERVIDIO,

                Plaintiff - Appellant,

      v.

SGT. PITTMAN; SGT. PRICE,

                Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:13-ct-03072-D)

_____

Submitted:  November 30, 2015      Decided:  December 16, 2015

_____

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Jeffrey Servidio, Appellant Pro Se.  Peter Andrew Regulski, Assistant Attorney General, Donna Elizabeth Tanner, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Servidio, a North Carolina inmate, appeals the district court's entry of summary judgment in favor of the Defendants in his 42 U.S.C. § 1983 (2012) action arising out of an altercation that occurred on March 24, 2011. According to Servidio's verified complaints, he and Correctional Officer Sharpe had a disagreement in the gym, and Sharpe was instructed to bring Servidio back to the main building, which she did. Servidio was then subjected to a strip search and handcuffed behind his back. Correctional Officer Williams told Servidio that she needed to take him to the medical unit, and he declined medical treatment. Servidio alleges that Sergeant Pittman then appeared, informed Servidio that he was going to medical and, without provocation, pepper sprayed Servidio in the face and then grabbed him and threw him head first into a wall. Servidio alleged that Sergeant Price arrived and that Pittman and Price continued to assault him, causing Servidio to become unconscious. Servidio asserts that he suffered a hematoma on the top of his head, scratches and bruises, permanent partial vision loss in his left eye, and partial loss of the use of his right arm.

According to affidavits submitted with their motion for summary judgment, the Defendants assert that, as Sergeant Price entered the area where Servidio was waiting with Correctional

2

Officer Williams, Servidio attempted to exit the area. Pittman reached for Servidio's shoulder to stop him, but Servidio turned around, lowered his head, and attempted to head butt Pittman. At this point, Pittman sprayed the chemical agent in Servidio's face. Servidio fell backward into a wall-mounted shelf and then onto the floor. Servidio began kicking at Pittman and Price, but the Defendants applied no force, other than the single burst of pepper spray.

Servidio was taken to medical and allowed to shower to remove the chemical agent. He was then seen by a nurse. According to his medical records, Servidio had swelling on the back of his head and an abrasion on his left leg. The nurse cleaned the abrasion and applied ice to Servidio's injuries.

Based on this evidence, the district court concluded that the Defendants applied force in a good faith effort to maintain or restore discipline after Servidio declined medical treatment and that the single burst of pepper spray did not violate the Eighth Amendment. The court also determined that, even viewing the evidence in the light most favorable to Servidio, no reasonable jury could find that the Defendants' actions violated the Eighth Amendment, and therefore granted summary judgment in favor of the Defendants.

"Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to

3

judgment as a matter of law." Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014). We review a district court's summary judgment determination de novo, drawing reasonable inferences from the evidence viewed in the light most favorable to the nonmoving party. Webster v. USDA, 685 F.3d 411, 421 (4th Cir. 2012). We find, based on our review of the record, that Servidio presented sufficient evidence to preclude summary judgment and, therefore, we vacate the district court's order.

The Eighth Amendment prohibits "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson v. McMillian, 503 U.S. 1, 9 (1992). In considering a claim of an Eighth Amendment violation, we must determine "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996); see Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008).

In a case in which an inmate claims that a prison official used excessive force against him, the subjective component demands that the inmate demonstrate that officials applied force wantonly; that is, "maliciously and sadistically for the very

4

purpose of causing harm," rather than as part of "a good-faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (internal quotation marks omitted). Factors relevant to this determination include "the need for the application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible official,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley, 475 U.S. at 320-21).

Here, Servidio admits that he declined to go to medical as directed, but asserts that he was merely exercising his right to refuse treatment. He attests that he was calmly waiting to be moved back to his cell block when Sergeant Pittman arrived, told Servidio he was going to medical, and, without provocation, sprayed him in the face with pepper spray and continued to physically assault him.

Satisfying the objective component in the context of an excessive force claim demands only that the force used be "nontrivial." Wilkins v. Gaddy, 559 U.S. 34, 39 (2010). According to the version of events sworn to by Servidio and supported at least in part by his medical records, and viewing the evidence in the light most favorable to Servidio, see Webster, 685 F.3d at 421, we conclude that the force used was not trivial. Rather, Servidio attested that Defendants applied

5

sufficient force to render him unconscious and to cause partial permanent loss of vision in one eye and limited range of motion in his right arm.

We conclude that the evidence, construed in the light most favorable to Servidio, <u>see</u> <u>Scott v. Harris</u>, 550 U.S. 372, 378 (2007), could support a jury finding that the officers wantonly administered significant force to Servidio in retaliation for his conduct rather than for the purpose of bringing him under control. Therefore, we conclude that the district court erred in granting summary judgment in favor of the Defendants, and we vacate its judgment and remand for further proceedings. We express no opinion on the ultimate disposition of Servidio's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>